**MANTANONA**
**LAW OFFICE**

GCIC Bld. Suite 601B
414 W. Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Telecopier (671) 472-3668

Attorney for **James B. McDonald, Jr.**



FILED
DISTRICT COURT OF GUAM
NOV 12 2002
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| James B. McDonald, Jr. | ) | Civil Action No. 02-00031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND REQUEST FOR** |
| | ) | **JURY TRIAL** |
| South Pacific Petroleum Corporation, | ) | |
| a Guam Corporation, Michael Hahm, | ) | |
| Brian Suhr and Sang Yeon Hahn, | ) | |
| | ) | |
| Defendants. | ) | |

I.

This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USCA 2000e et seq. Jurisdiction of this court is invoked pursuant to 42 USCA § 2000e—5 (f) and 28 USCA 1343 (a) (4). The jurisdiction of this court is invoked to secure protection of and to redress deprivation of rights secured by 42 USCA § § 2000e et seq., providing for injunctive and other relief against racial, religious, national

1

origin and sex discrimination in employment.

II.

All conditions precedent to jurisdiction under 42 USCA § 2000e—5 (f) (3) have occurred or been complied with, to wit: A charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice; a Notification of Right to Sue was received from the Equal Employment Opportunity Commission on August 12, 2002; this complaint has been filed within 90 days of receipt of the Notification of Right to Sue. See copy of Notification of Right to Sue which is attached as Exhibit "A".

III.

Plaintiff, James B. McDonald, Jr., is a male Pacific Islander citizen of the United States and now resides at 1389 Peachtree Drive, Centerville, Utah, 84014. Plaintiff was employed during the alleged violations of law by Defendant South Pacific Petroleum Corporation.

IV.

On information and belief, the unlawful employment practices alleged herein were committed within the Territory of Guam.

V.

On information and belief, Defendant, South Pacific Petroleum Corporation, is a corporation duly incorporated under the laws of the Territory of Guam. South Pacific Petroleum Corporation is licensed and qualified to do business in the Territory of Guam and is currently doing business in the Territory of Guam.

VI.

Defendant Sang Yeon Hahn is an individual resident of California and majority shareholder, director and officer of Defendant South Pacific Petroleum Corporation during Mr. McDonald's employment.

VII.

Defendant Brian Suhr is an individual shareholder, director and officer of Defendant South Pacific Petroleum Corporation during Mr. McDonald's employment.

VIII.

Defendant Michael Hahm is an individual shareholder, director and officer of Defendant South Pacific Petroleum Corporation during Mr. McDonald's employment.

IX.

Venue is appropriate and proper in the District of Guam under 28 U.S.C. §1391(b)(2) and (c) because the events made the basis of this suit occurred in Guam. The Defendant South Pacific Petroleum Corporation is incorporated and doing business in the District of Guam, Defendant Hahm and Defendant Suhr are residents of Guam.

X.

Defendant South Pacific Petroleum Corporation, a Guam corporation, is an employer within the meaning of 42 USCA § 2000e(b) and on information and belief employs more than two hundred employees.

XI.

This is a proceeding for a judgment as to plaintiff's rights, for a permanent injunction, restraining defendant from maintaining a policy, practice, custom or usage of

3

discriminating against plaintiff because of race, color and ethnic origin with respect to compensation, terms, conditions, and privileges of employment and in ways that deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as employee because of his race, color and ethnic origin. This complaint also seeks restitution to plaintiff of all rights, privileges, benefits and income that would have been received by him but for defendant's unlawful and discriminatory practices.

XII.

Plaintiff began his employment with defendant on or about July 6, 2000. Plaintiff was instrumental in organizing Defendant South Pacific Petroleum Corporation, assisting in obtaining franchise engagements, financing, regulatory approvals, and legislative approvals. At the time of his discharge, plaintiff was a senior manager of defendant South Pacific Petroleum Corporation, charged with responsibility, among others, of administering, marketing and liaison with lawmakers, territorial government administrators, federal regulators, enfranchisers, and financers.

XIII.

During the course of employment, plaintiff came under the supervision of Hahm, Hahn and Suhr who subjected plaintiff to differential terms and conditions of employment because of his race, color and ethnic origin. These differential terms of employment included harassment not experienced by Koreans and whites similarly situated; excessive criticism not otherwise accorded to Koreans and whites; the request that the plaintiff resign or suffer discharge. All the above actions were taken by the defendants in order to deprive the plaintiff of employment and other contractual opportunities because of his race, color,

4

and ethnic origin.

XIV.

Plaintiff, during the course of his employment, was discriminated against by defendant South Pacific Petroleum Corporation with respect to terms, conditions, and privileges of employment because of plaintiff's race, color and ethnic origin, in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, 42 USCA § 2000e-2 (a). Such discrimination consisted of unfounded complaints made by individual defendants Hahm, Hahn and Suhr, who were plaintiffs supervisors, concerning plaintiff's work; plaintiffs' assignment to perform tasks which would never be evaluated; and repeated racial insults and slurs concerning plaintiff, in plaintiff's presence, by individual defendants Hahm, Hahn and Suhr. By reason of such unlawful discriminatory treatment, plaintiff's employment with said defendant became impossible, and plaintiff was thereby forced to resign as an employee on October 21, 2001. The unlawful discrimination against plaintiff continued after his resignation in that individual defendants Hahn, Hahm and Suhr gave false and derogatory references concerning plaintiff to third parties, impinging his reputation, and causing other potential employers to doubt the abilities of plaintiff.

XV.

Additionally during the course of his employment, plaintiff's work was highly acceptable and satisfactory. On or about March 2001 defendant Hahn told plaintiff, defendants Hahn and Suhr that if any one of them did not lose weight and quit smoking tobacco that they would be fired. Defendants Suhr, Hahm are Koreans, and on information and belief each of these two defendants smoke tobacco.

5

XVI.

On or about May 2001, plaintiff was charged with writing a business plan. Subsequent thereto plaintiff submitted several versions of a business plan but said business plan was never substantively evaluated only receiving oral comment that it was inadequate.

XVII.

On or about June or about August 2001, defendant Hahm said that Guam had nobody who could do the work that was required and that people in the states were better and did not have to be paid as much as Guamanians; Defendant Hahm further stated that Guamanians had been spoiled and did not have the work ethic that mainland people had; that such negative Pacific Islander traits were the reason why Koreans were so successful on Guam.

XVIII.

On October 21, 2001, defendant South Pacific Petroleum Corporation discharged plaintiff for his alleged incompetence and inability to manage. Defendants Hahm, Suhr and continue in the employment of defendant South Pacific Petroleum Corporation. Plaintiff's duties were assumed by two whites, at least one as expatriate.

XIX.

Plaintiff as a Pacific Islander was treated in a disparate manner and subjected to defendant's unfair policies and practices in that plaintiff was treated unequal and unlike white and Korean employees similarly situated with plaintiff. Said unfair policies and practices both limited plaintiff in his employment, job classifications, job assignments,

wages and other benefits because of plaintiff's race, color and ethnic origin and further resulted in his discharge from employment on or about October 21, 2001.

Defendant South Pacific Petroleum Corporation denied equal employment opportunities because of plaintiff's race, color and ethnic origin, to wit: (a) the reason given for plaintiff's discharge was a mere pretext for unlawful discrimination in that the management duties plaintiff allegedly failed to perform were never substantively evaluated; (b) defendant South Pacific Petroleum Corporation did not discharge similarly situated white and Korean employees, in that Hahm, Suhr were charged with losing weight and quitting smoking tobacco; defendants Hahm, Suhr continue to smoke tobacco while in the employment of defendant South Pacific Petroleum Corporation; (c) plaintiff's alleged incompetence and inability to manage never in fact took place; this facts was known to defendants South Pacific Petroleum Corporation, Hahn, Hahm, and Suhr at the time of plaintiff's discharge.

## XX.

As a result of defendant South Pacific Petroleum Corporation's policies and practices, plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race, color and ethnic origin. As a further result of defendants' South Pacific Petroleum Corporation, Hahn, Suhr and Hahm's above stated actions, plaintiff has been and is being and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to plaintiff as an employee, but denied because of his race, color, ethnic origin in an amount to be proven at trial. Plaintiff is now suffering and will continue

to suffer irreparable injury from defendant South Pacific Petroleum Corporation's policies, practices, customs, and usages as set forth herein.

XXI.

Plaintiff, during the course of employment, was informed that he would be fired if he did not meet defendants' South Pacific Petroleum Corporation, Hahn's, Suhr's and Hahn's weight qualifications in that by his appearance he appeared to be overweight. Plaintiff was not originally hired based on weight considerations. Defendants South Pacific Petroleum Corporation and Hahn have a policy of not employing anyone who appears overweight. This policy has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ. This disparate impact constitutes discrimination based on race, color and ethnic origin in violation of 42 USCA § 2000e et seq. Plaintiff can perform the management functions for defendant South Pacific Petroleum Corporation but has been denied the opportunity of employment, all as a result of discrimination based on race, color and or ethnic origin. Defendant South Pacific Petroleum Corporation employs over two hundred persons at its operations on Guam, with none being Pacific Islander in similar levels of management where plaintiff was performing.

XXII.

Plaintiff was constructively discharged by Defendants, South Pacific Petroleum Corporation, due to the illegal activities of the Defendants previously mentioned.

Plaintiff has incurred expenses including but not limited to reasonable attorneys fees because of the facts alleged.

8

XXIII.

The effect of the policies, practices and conduct pursued by the defendants as alleged above has been and continues to limit, classify and discriminate against the Plaintiff in ways which deprive him of his employment opportunities, and otherwise adversely affect his status as employee because of his race and ethnic origin.

XXIV.

Defendants' actions and inactions created a hostile work environment as defined by the courts construing Title VII.

WHEREFORE, Plaintiff respectfully requests that this court:

1. Order defendant to institute and carry out policies, practices and affirmative action programs which provide equal employment opportunities for Pacific Islanders and which eradicate the effects of its past and present unlawful employment practices;

2. Award against defendants and all of them and in favor of plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation the sum of twenty million dollars ($20,000,000.00).

3. Grant Plaintiff a permanent injunction enjoining defendant South Pacific Petroleum Corporation, its agents, successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices or procedures which may discriminate, in purpose and/or impact, against any present or former employee on the basis of defendant's race, color and/or ethnic origin;

4. Award against named defendants and all of them and in favor of the plaintiff actual damages for loss of revenue including backpay, future earnings and pension

9

adjustment;

5. Grant a judgment requiring defendants and all of them to pay appropriate backpay, an equal sum as liquidated damages and prejudgment interest in amounts to be proved at trial, to plaintiff and any person adversely affected by the unlawful employment practices described herein;

6. Retain jurisdiction over this action until the defendant South Pacific Petroleum Corporation has fully complied with all orders of this court as may be issued herein and require that the defendant South Pacific Petroleum Corporation file such periodic reports with this court as may be necessary to supervise and evaluate such compliance;

7. Award plaintiff the cost of this action together with reasonable attorneys' fees as provided by Title VII.

Dated this \_\_\_\_ day of November, 2002.

MANTANONA LAW OFFICE
Attorney for James McDonald

By: _____
RAWLEN M T MANTANONA,
a duly licensed employee.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

_____
RAWLEN M T MANTANONA

# EXHIBIT "A"

EEOC Form 161-B (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Mr. James B. McDonald<br>c/o Rawlen M.T. Mantanona, Esq.<br>414 West Soledad Avenue, Suite 601B<br>Hagatna, GU 96910 | From: United States Equal Employment Opportunity Commission<br>300 Ala Moana Boulevard, Suite 7-127<br>Honolulu, Hawaii 96850 |
|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 378-A2-00208 | Glory Gervacio, Investigator | (808) 541-3120 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[✔] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[✔] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    4/6/02
TIMOTHY A. RIERA                   *(Date Mailed)*
DIRECTOR

Enclosure(s)

cc: Mr. Brian Y. Suhr
    South Pacific Petroleum Corp.
    816 North Marine Drive, EVA Building, 2nd Floor
    Tamuning, GU 96911

MANTANONA
LAW OFFICE
A Professional Corporation
RECEIVED
Date: August 12, 2002
Time: —
Initials: TPA

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit **before 7/1/98** -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# UNITED STATES DISTRICT COURT

District of          GUAM

James B. McDonald, Jr.

V.

**SUMMONS IN A CIVIL CASE**

South Pacific Petroleum Corporation,
a Guam Corporation, Michael Hahm,
Brian Suhr, and Sang Yeon Hahn

CASE NUMBER: **02-00031**

ACKNOWLEDGED RECEIPT

By: *Jatiana -Unii P.A.*
Date: *11/12/02*

TO: (Name and address of Defendant)

South Pacific Petroleum Corporation, by and through its President, Sang Yeon Hahn

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    MANTANONA LAW OFFICE
    GCIC Building, Suite 601B
    414 West Soledad Avenue
    Hagatna, Guam 96910

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran

CLERK

/s/ Leilani R. Toves Hernandez

(By) DEPUTY CLERK

NOV 1 2 2002

DATE

COPY

# UNITED STATES DISTRICT COURT

District of _____ GUAM _____

James B. McDonald, Jr.

**SUMMONS IN A CIVIL CASE**

V.

South Pacific Petroleum Corporation, a
Guam Corporation, Michael Hahm, Brian
Suhr and Sang Yeon Hahm,

CASE NUMBER: **02-00031**

TO: (Name and address of Defendant)

Brian Suhr

ACKNOWLEDGED RECEIPT
By: *Jatiana Alaiu P.A.*
Date: 11/12/02

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mantanona Law Office
Suite 601B GCIC Building
414 West Soledad Avenue
Hagatna, GU  96910

an answer to the complaint which is served on you with this summons, within __twenty (20)__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**

NOV 1 2 2002

CLERK                                    DATE

/s/ **Leilani R. Toves Hernandez**

(By) DEPUTY CLERK

COPY

# UNITED STATES DISTRICT COURT

District of      GUAM

James B. McDonald, Jr.

V.

South Pacific Petroleum Corporation,
a Guam Corporation, Michael Hahm,
Brian Suhr and Sang Yeon Hahn,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00031**

TO: (Name and address of Defendant)

Michael Hahm

ACKNOWLEDGED RECEIPT

By: _Tatiana Marie P.A._
Date: _11/12/02_

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MANTANONA LAW OFFICE
Suite 601B, GCIC Building
414 West Soledad Avenue
Hagatna, GU 96910

an answer to the complaint which is served on you with this summons, within    twenty (20)    days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran            NOV 1 2 2002

CLERK            DATE

/s/ Leilani R. Toves Hernandez

(By) DEPUTY CLERK

COPY

# UNITED STATES DISTRICT COURT

District of _____ GUAM _____

James B. McDonald, Jr.

V.

South Pacific Petroleum Corporation, a
Guam corporation, Michael Hahm, Brian
Suhr, and Sang Yeon Hahn,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00031**

TO: (Name and address of Defendant)
Sang Yeon Hahn

ACKNOWLEDGED RECEIPT

By: _Tatiana Maui P.A._
Date: _11/12/02_

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mantanona LAw OFfice
Suite 601B GCIC Building
414 West Soledad Avenue
Hagatna, GU 96910

an answer to the complaint which is served on you with this summons, within __twenty (20)__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**
CLERK

/s/ **Leilani R. Toves Hernandez**
(By) DEPUTY CLERK

**NOV 1 2 2002**
DATE

COPY