**MANTANONA**
LAW OFFICE

GCIC Bld. Suite 601B
414 W. Soledad Avenue
Hagatna, Guam 96910
Telephone (671) 472-3666
Telecopier (671) 472-3668

Attorney for **James B. McDonald, Jr.**

F I L E D
DISTRICT COURT OF GUAM
DEC 1 7 2002
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| James B. McDonald, Jr. | Civil Action No. 02-00031 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT[1] AND REQUEST FOR JURY TRIAL** |
| South Pacific Petroleum Corporation, a Guam Corporation, Michael Hahm, Brian Suhr and Sang Yeon Hahn, | |
| Defendants. | |

I.

This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USCA § 2000e et seq. and the Americans with Disabilities Act, 42 USCA § 12101 et seq. Jurisdiction of this court is invoked pursuant to 42 USCA § 2000e—5 (f), 42 USCA § 12117, and 28 USCA 1343 (a) (4). The jurisdiction of this court is invoked

---

[1] This Amended Complaint is submitted pursuant to Federal Rule of Civil Procedure

1

to secure protection of and to redress deprivation of rights secured by 42 USCA § 2000e et seq. and 42 USCA § 12101 et seq., providing for injunctive and other relief against racial, religious, national origin, sex and disability discrimination and harassment in employment.

II.

All conditions precedent to jurisdiction under 42 USCA § 2000e—5 (f) (3) and 42 USCA § 12101 et seq. have occurred or been complied with, to wit: A charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice; a Notification of Right to Sue was received from the Equal Employment Opportunity Commission on August 12, 2002; the original complaint in this case has been filed within 90 days of receipt of the Notification of Right to Sue. See copy of Notification of Right to Sue which is attached as Exhibit "A" on initial Complaint.

III.

Plaintiff, James B. McDonald, Jr., is a male Pacific Islander citizen of the United States, a former resident of Guam, who now resides at 1389 Peachtree Drive, Centerville, Utah, 84014. Plaintiff was employed during the alleged violations of law by Defendant South Pacific Petroleum Corporation.

IV.

On information and belief, the unlawful employment practices alleged herein were committed within the Territory of Guam.

V.

On information and belief, Defendant, South Pacific Petroleum Corporation, is a

corporation duly incorporated under the laws of the Territory of Guam. South Pacific Petroleum Corporation is licensed and qualified to do business in the Territory of Guam and is currently doing business in the Territory of Guam.

VI.

Defendant Sang Yeon Hahn is an individual resident of California and majority shareholder, director and officer of Defendant South Pacific Petroleum Corporation during Mr. McDonald's employment.

VII.

Defendant Brian Suhr is an individual shareholder, director and officer of Defendant South Pacific Petroleum Corporation during Mr. McDonald's employment.

VIII.

Defendant Michael Hahm is an individual shareholder, director and officer of Defendant South Pacific Petroleum Corporation during Mr. McDonald's employment.

IX.

Venue is appropriate and proper in the District of Guam under 28 U.S.C. §1391(b)(2) and (c) because the events made the basis of this suit occurred in Guam. The Defendant South Pacific Petroleum Corporation is incorporated and doing business in the District of Guam, Defendant Hahm and Defendant Suhr are residents of Guam.

X.

Defendant South Pacific Petroleum Corporation, a Guam corporation, is an employer within the meaning of 42 USCA § 2000e(b) and on information and belief employs more than two hundred employees.

XI.

This is a proceeding for a judgment as to plaintiff's rights, and for a permanent injunction, restraining defendants from maintaining a policy, practice, custom or usage of discriminating against plaintiff and others similarly situated because of race, color and ethnic origin and disability with respect to compensation, terms, conditions, and privileges of employment and in ways that deprive plaintiff and others similarly situated of equal employment opportunities and otherwise adversely affect his and their status as employees because of race, color and ethnic origin and disability. This complaint also seeks restitution to plaintiff of all rights, privileges, benefits and income that would have been received by him but for defendants' unlawful and discriminatory practices.

XII.

Plaintiff began his employment with defendant South Pacific Petroleum Corporation on or about July 6, 2000. Plaintiff was instrumental in organizing Defendant South Pacific Petroleum Corporation, assisting in obtaining franchise engagements, financing, regulatory approvals, and legislative approvals. At the time of his discharge, plaintiff was a senior manager of defendant South Pacific Petroleum Corporation, charged with responsibility, among others, of administering marketing and liaison with lawmakers, territorial government administrators, federal regulators, enfranchisers, and financers.

XIII.

On or about May 2001, plaintiff was charged with writing a business plan. Subsequent thereto plaintiff submitted several versions of a business plan but said business plan was never substantively evaluated only receiving oral comment that it was

4

inadequate.

XIV.

After enduring continuous unlawful harassment and discrimination based on his race, color, ethnic and national origin and his weight, Plaintiff was constructively discharged by Defendant South Pacific Petroleum Corporation, at the direction of the individually named Defendants.

**CLAIM ONE: DISCRIMINATION BASED ON RACE, COLOR & ETHNIC ORIGIN**

XV.

Plaintiff refers to and incorporates as fully set forth each and every allegation of paragraphs I through XIV of this Amended Complaint.

XVI.

Plaintiff, during the course of his employment, was discriminated against by Defendants with respect to terms, conditions, and privileges of employment because of plaintiff's race, color and ethnic origin, in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, 42 USCA § 2000e-2 (a).

XVII.

Such intentional discrimination against plaintiff based on his race, color and ethnic origin consisted of unfounded complaints made by individual defendants Hahm, Hahn and Suhr, who were plaintiff's supervisors, concerning plaintiff's work; plaintiff's assignment to perform tasks which Defendants never evaluated; and repeated racial insults and slurs concerning plaintiff, in plaintiff's and other employees' presence, by individual defendants Hahm, Hahn and Suhr. By reason of such unlawful discriminatory treatment, plaintiff's

5

employment with said defendant became intolerable and impossible, and plaintiff was constructively discharged on October 21, 2001.

XVIII.

On or about June or about August 2001, defendant Hahm said that Guam had nobody who could do the work that was required and that people in the states were better and did not have to be paid as much as Guamanians; Defendant Hahm further stated that Guamanians had been spoiled and did not have the work ethic that mainland people had; that such negative Pacific Islander traits were the reason why Koreans were so successful on Guam. These statements are consistent with Defendants' policy of discrimination and harassment based on race, color and ethnic origin.

XIX.

Plaintiff as a Pacific Islander was treated in a disparate manner and subjected to defendant's unfair policies and practices in that plaintiff was treated unequal with and unlike white and Korean employees similarly situated as plaintiff. Said unfair policies and practices both limited plaintiff in his employment, job classifications, job assignments, wages and other benefits because of plaintiff's race, color and ethnic origin and further resulted in his discharge from employment on or about October 21, 2001.

XX.

Plaintiff, during the course of employment, was informed that he would be fired if he did not meet defendants' South Pacific Petroleum Corporation, Hahn's, Suhr's and Hahn's weight qualifications in that by his appearance he appeared to be overweight. Plaintiff was not originally hired based on weight considerations. Defendants South Pacific Petroleum

Corporation and Hahn have a policy of not employing anyone who appears overweight. This policy has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ. This disparate impact constitutes discrimination based on race, color and ethnic origin in violation of 42 USCA § 2000e et seq.

XXI.

Additionally during the course of his employment, plaintiff's work was highly acceptable and satisfactory. On or about March 2001 defendant Hahn told plaintiff, defendants Hahn and Suhr that if any one of them did not lose weight and quit smoking tobacco that they would be fired. Defendants Suhr and Hahm are Koreans, and on information and belief each of these two defendants are still employed by South Pacific Petroleum Corporation and continue to smoke tobacco.

XXII.

Plaintiff can perform the management functions for defendant South Pacific Petroleum Corporation but has been denied the opportunity of employment, all as a result of discrimination based on race, color and or ethnic origin. Defendant South Pacific Petroleum Corporation employs over two hundred persons at its operations on Guam, with none being Pacific Islander in similar levels of management where plaintiff was performing.

XXIII.

The unlawful discrimination and harassment against plaintiff continued after his resignation in that individual defendants Hahn, Hahm and Suhr gave false and derogatory references concerning plaintiff to third parties, impinging his reputation, and causing other

7

potential employers to doubt the abilities of plaintiff.

XXIV.

On October 21, 2001, defendant South Pacific Petroleum Corporation constructively discharged plaintiff for his alleged incompetence and inability to manage. Defendants Hahm, Suhr and continue in the employment of defendant South Pacific Petroleum Corporation. Plaintiff's duties were assumed by two whites, at least one as expatriate.

XXV.

Defendant South Pacific Petroleum Corporation denied equal employment opportunities because of plaintiff's race, color and ethnic origin, to wit: (a) the reason given for plaintiff's discharge was a mere pretext for unlawful discrimination in that the management duties plaintiff allegedly failed to perform were never substantively evaluated; (b) defendant South Pacific Petroleum Corporation did not discharge similarly situated white and Korean employees, in that Hahm, Suhr were charged with losing weight and quitting smoking tobacco; defendants Hahm, Suhr continue to smoke tobacco while in the employment of defendant South Pacific Petroleum Corporation; (c) plaintiff's alleged incompetence and inability to manage never in fact took place; these facts were known to defendants South Pacific Petroleum Corporation, Hahn, Hahm, and Suhr at the time of plaintiff's discharge.

XXVI.

As a result of defendant South Pacific Petroleum Corporation's policies and practices, plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his race, color and ethnic origin. As a further result of defendants'

South Pacific Petroleum Corporation, Hahn, Suhr and Hahm's above stated actions, plaintiff has been and is being and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to plaintiff as an employee, but denied because of his race, color, ethnic origin in an amount to be proven at trial. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant South Pacific Petroleum Corporation's policies, practices, customs, and usages as set forth herein.

## CLAIM TWO: UNLAWFUL HARASSMENT BASED ON RACE, COLOR & ETHNIC ORIGIN

XXVII.

Plaintiff refers to and incorporates as fully set forth each and every allegation contained in paragraphs I through XXVII of this Amended Complaint.

XXVIII.

During the course of employment, plaintiff came under the supervision of Hahm, Hahn and Suhr who subjected plaintiff to differential terms and conditions of employment because of his race, color and ethnic origin. These differential terms of employment included harassment based on Plaintiff's race, color and ethnic origin not experienced by Koreans and whites similarly situated; excessive criticism not otherwise accorded to Koreans and whites; the request that the plaintiff resign or suffer discharge. All the above actions were taken by the defendants in order to deprive the plaintiff of employment and other contractual opportunities because of his race, color, and ethnic origin. Such harassment occurred in violation of Title VII.

## CLAIM THREE: DISCRIMINATION BASED ON DISABILITY

XXIX.

Plaintiff refers to and incorporates as fully set forth each and every allegation contained in paragraphs I through XXVIII of this Amended Complaint.

XXX.

Plaintiff, who is overweight during the course of employment, was informed that he would be fired if he did not meet defendants' South Pacific Petroleum Corporation, Hahn's, Suhr's and Hahn's weight qualifications. Defendants South Pacific Petroleum Corporation and Hahn have a policy of not employing anyone who appears overweight. This policy discriminates against and has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ.

XXXI.

This disparate impact constitutes discrimination based disability in violation of 42 USCA § 12101 et seq. Plaintiff can perform the management functions for defendant South Pacific Petroleum Corporation but has been denied the opportunity of employment, all as a result of discrimination based on disability. Defendant South Pacific Petroleum Corporation employs over two hundred persons at its operations on Guam, with none being Pacific Islander in similar levels of management where plaintiff was performing.

## CLAIM FOUR: UNLAWFUL HARASSMENT BASED ON DISABILITY

XXXII.

Plaintiff refers to and incorporates as fully set forth each and every allegation

10

contained in paragraphs I through XXXI of this Amended Complaint.

XXXIII.

Throughout Plaintiff's employment with Defendants, Plaintiff was continuously harassed about his weight, and threatened by Defendants in front of other employees, friends and family, that if he did not lose weight, he would be enrolled in a fat camp or discharged.

XXXIV.

Such harassment occurred in violation of 42 USCA § § 12101 et seq.

XXV.

After enduring the unlawful harassment and discrimination described above based on his race, color, ethnic and national origin and his weight, Plaintiff was constructively discharged by Defendants, South Pacific Petroleum Corporation, at the direction of the individually named Defendants.

XXXVI.

The effect of the policies, practices and conduct pursued by the defendants as alleged above has been and continues to limit, classify and discriminate against the Plaintiff in ways which deprive him of his employment opportunities, and otherwise adversely affect his status as employee because of his race and ethnic origin.

XXXVII.

As a result of the harassment and discrimination, Plaintiff has incurred expenses including but not limited to reasonable attorneys fees because of the facts alleged.

WHEREFORE, Plaintiff respectfully requests that this court:

1. Order defendant to institute and carry out policies, practices and affirmative action programs which provide equal employment opportunities for Pacific Islanders and which eradicate the effects of its past and present unlawful employment practices;

2. Grant Plaintiff a permanent injunction enjoining defendant South Pacific Petroleum Corporation, its agents, successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices or procedures which may discriminate, in purpose and/or impact, against any present or former employee on the basis of defendant's race, color and/or ethnic origin;

3. Award against defendants and all of them and in favor of plaintiff compensatory damages for unlawful discrimination on the basis of race, color, and national origin and disability, as well as the resulting mental anguish, personal suffering, professional embarrassment and public humiliation in an amount to be proven at trial.

4. Punitive Damages pursuant to Title VII and the ADA.

5. Award against named defendants and all of them and in favor of the plaintiff actual damages for loss of revenue including backpay, future earnings and pension adjustment;

6. Retain jurisdiction over this action until the defendant South Pacific Petroleum Corporation has fully complied with all orders of this court as may be issued herein and require that the defendant South Pacific Petroleum Corporation file such periodic reports with this court as may be necessary to supervise and evaluate such compliance;

7. Award plaintiff the cost of this action together with reasonable attorneys' fees as provided by Title VII and the ADA.

8. For such further and additional relief as the Court deems just.

Dated this 17th day of December, 2002.

MANTANONA LAW OFFICE
Attorney for **James McDonald**

By: _____
RAWLEN M T MANTANONA,
a duly licensed employee.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

_____
RAWLEN M T MANTANONA