**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendant*
*South Pacific Petroleum Corporation*



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| JAMES B. McDONALD, JR., | ) | CIVIL ACTION NO. 02-00031 |
| Plaintiff, | ) | |
| vs. | ) | **SOUTH PACIFIC PETROLEUM CORPORATION'S ANSWER TO AMENDED COMPLAINT** |
| SOUTH PACIFIC PETROLEUM CORPORATION, a Guam Corporation, MICHAEL HAHM, BRIAN SUHR AND SANG YEON HAHN, | ) | |
| Defendants. | ) | |

Defendant South Pacific Petroleum Corporation ("SPPC"), separating itself from the other defendants herein, answers the allegations in the Amended Complaint as follows:

### FIRST DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As a Second Defense to the Amended Complaint, SPPC:

**ORIGINAL**

1.   In answer and response to Paragraph I of the Amended Complaint, SPPC admits that Plaintiff seeks to bring a cause of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 200, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, but denies that Plaintiff is entitled to relief under Title VII or the ADA and denies each and every other allegation in Paragraph I.

2.   Denies the allegations in paragraph II.

3.   Admits the allegations contained in paragraph III, except for the last sentence which is denied.

4.   Denies the allegations in paragraph IV.

5.   Admits the allegations in paragraph V.

6.   Admits the allegations in paragraph VI, except denies that the Defendant Hahm is an officer of SPPC.

7.   Admits the allegations in paragraph VII.

8.   Admits the allegations in paragraph VIII.

9.   In answer and response to paragraph IX, admits that SPPC is incorporated and doing business in the District of Guam, and that Defendants Hahm and Suhr are residents of Guam, admits that venue would be appropriate and proper in the District of Guam if the events made the basis of the suit occurred, but denies that the events occurred.

10.   Admits the allegations in paragraph X.

11.   Denies the allegations in paragraph XI.

12.   Denies the allegations in paragraph XII.

13. Denies the allegations in paragraph XIII, except to admit that Plaintiff was orally advised that the plan was inadequate.

14. Denies the allegations in paragraph XIV.

15. In answer and response to the allegations in paragraph XV, SPPC incorporates by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs I through XIV of the Amended Complaint.

16. Denies the allegations in paragraph XVI.

17. Denies the allegations in paragraph XVII.

18. Denies the allegations in paragraph XVIII

19. Denies the allegations in paragraph XIX.

20. Denies the allegations in paragraph XX.

21. Denies the allegations in paragraph XXI.

22. Denies the allegations in paragraph XXII.

23. Denies the allegations in paragraph XXIII.

24. Denies the allegations in paragraph XXIV, except that SPPC admits that Defendants Suhr and Hahm continue to be employed by SPPC.

25. Denies the allegations in paragraph XXV.

26. Denies the allegations in paragraph XXVI.

27. In answer and response to the allegations in paragraph XXVII, SPPC incorporates by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs I through XXVI of the Amended Complaint.

28. Denies the allegations in paragraph XXVIII.

29. In answer and response to the allegations in paragraph XXIX, SPPC incorporates by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs I through XXVIII of the Amended Complaint.

30. Denies the allegations in paragraph XXX.

31. Denies the allegations in paragraph XXXI.

32. In answer and response to the allegations in paragraph XXXII, SPPC incorporates by reference, as if fully set forth herein, its foregoing answers and responses to paragraphs I through XXXI of the Amended Complaint.

33. Denies the allegations in paragraph XXXIII.

34. Denies the allegations in paragraph XXXIV.

35. Denies the allegations in paragraph XXXV.

36. Denies the allegations in paragraph XXXVI.

37. Denies the allegations in paragraph XXXVII.

38. Denies each and every other allegation not specifically addressed hereinabove.

39. To the extent Plaintiff alleges that criteria utilized by SPPC affected employment opportunities of Plaintiff's race, ethnic origin, or color, SPPC denies that such criteria adversely affect the employment opportunities of persons of Plaintiff's race, ethnic origin or color. Any criteria utilized by SPPC were adopted and applied in good faith, and are directly and manifestly related to bona fide business purposes of SPPC.

40. SPPC denies that Plaintiff is entitled to the relief and remedies requested.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint alleges illegal conduct that was not alleged in the charge filed with the EEOC, and the allegations reasonably could not be expected to flow from any investigation by the EEOC. For this reason, Plaintiff failed to exhaust his administrative remedies under Title VII as required by 42 U.S.C. § 2000e-5(b) and (c) and under the ADA as required by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(b) and (c).

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint alleges discriminatory acts and unlawful employment practices that occurred more than 180 days before the Plaintiff filed his charge with the EEOC on April 19, 2002 (Guam date) as required by 42 U.S.C. § 2000e-5(e), applicable to both Title VII claims and ADA claims, and fall outside of the statutory time period for filing charges under Title VII and the ADA as set forth in 42 U.S.C. § 2000e-5(e) and Plaintiff's claims based on these alleged discriminatory acts and unlawful employment practices are, therefore, barred and not actionable.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's suit is barred by laches. The length of time between the alleged unlawful employment practice and the filing of the complaint was unreasonable and unconscionable, and this delay by Plaintiff in filing the Complaint resulted in injury and prejudice to SPPC.

5

Case 1:02-cv-00031   Document 8   Filed 01/16/2003   Page 5 of 8

## FOURTH AFFIRMATIVE DEFENSE

Even if Plaintiff proves a violation of Title VII or the ADA as alleged in his Amended Complaint, SPPC would have taken the same action in the absence of the impermissible motivating factor.

## FIFTH AFFIRMATIVE DEFENSE

SPPC exercised reasonable care to prevent and correct promptly any harassing behavior alleged in the Amended Complaint and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by SPPC to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

SPPC did not engage in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff and Plaintiff is, therefore, not entitled to punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

SPPC has had fewer than 200 employees in each of 20 or more calendar weeks in the current or preceding calendar year and Plaintiff's recovery of compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages that may be awarded for violations of Title VII or the ADA cannot exceed $100,000 pursuant to 42 U.S.C. § 1981a.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has waived and released his claims under Title VII and the ADA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages under Title VII or the ADA.

## PRAYER

WHEREFORE, Defendant SPPC prays for relief as follows:

1. That the Amended Complaint of Plaintiff be dismissed, that judgment be entered against Plaintiff and that Plaintiff take nothing thereby;

2. That SPPC recover its costs of suit; and

3. That SPPC be granted such further relief as this Court deems appropriate.

DATED at Hagåtña, Guam, this 16th day of January, 2003.

TEKER CIVILLE TORRES & TANG, PLLC

By G. PATRICK CIVILLE
*Attorneys for Defendant*
*South Pacific Petroleum Corporation*

## CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on the 16th day of January, 2003, I caused the *South Pacific Petroleum Corporation's Answer to Amended Complaint* to be served by hand-delivery on the following:

>Rawlen M. Mantanona, Esq.
>**Mantanona Law Office**
>GCIC Building, Suite 601B
>414 West Soledad Avenue
>Hagåtña, Guam 96910

DATED at Hagåtña, Guam, this 16th day of January, 2003.

>TEKER CIVILLE TORRES & TANG, PLLC
>
>By G. PATRICK CIVILLE
>*Attorneys for Defendant*
>*South Pacific Petroleum Corporation*