**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendants*
*Michael Hahm, Brian Suhr*
*and Sang Yeon Hahn*



FILED
DISTRICT COURT OF GUAM
JAN 16, 2003
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| JAMES B. McDONALD, JR., | ) | CIVIL ACTION NO. 02-00031 |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS MICHAEL HAHM, BRIAN SUHR AND SANG YEON HAHN TO DISMISS** |
| SOUTH PACIFIC PETROLEUM CORPORATION, a Guam Corporation, MICHAEL HAHM, BRIAN SUHR AND SANG YEON HAHN, | ) | |
| Defendants. | ) | |

**ORIGINAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.    Standard Of Rule 12(b)(6) Motions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.    Claims Cannot Be Brought Against Individuals Under Either Title VII
of the Civil Rights Act of 1964 or the Americans with Disabilities Act . . . . . . . . . 4

    1.    Title VII. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2.    The Americans With Disabilities Act. . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

## CASES

*Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999) .................. 14

*Blankenship v. Warren County, Virginia*, 931 F. Supp. 447 (W.D.Va. 1996) .......... 8

*Busby v. Orlando*, 931 F.2d 764 (11th Cir.1991) ................ 7

*Conley v. Gibson*, 355 U.S. 41 (1957) ..................... 3

*DeLuca v. Winer Industries, Inc.*, 53 F.3d 793 (7th Cir.1995) ............ 10

*EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995) ......... 7, 9-13

*Gary v. Long*, 59 F.3d 1391 (D.C.Cir. 1995), *cert. denied,*
516 U.S. 1011, 116 S.Ct. 569 (1995) ..................... 7

*Greenlaw v. Garrett, III*, 59 F.3d 994 (9th Cir. 1994), *cert. denied,*
519 U.S. 836, 117 S.Ct. 110 (1996) ..................... 7

*Hardwick v. Curtis Trailers Inc.*, 896 F. Supp. 1037 (D.Or. 1995) .......... 12, 13

*Haynes v. Williams*, 88 F.3d 898 (10th Cir.1996) ................ 7

*Humphreys v. Medical Towers, Ltd.*, 893 F.Supp. 672 (S.D.Tex.1995),
*affd mem.* 100 F.3d 952 (5th Cir. 1996) ................... 8

*Jendusa v. Cancer Treatment Centers of America, Inc.*,
868 F.Supp. 1006 (N.D.Ill.1994) ...................... 10

*Lane v. David P. Jacobson & Co.*, 880 F. Supp. 1091) (E.D. Va. 1995) .......... 8

*Manns v. The Leather Shop Inc.*, 960 F. Supp. 925 (D.V.I. 1997) .......... 8

*Miller v. Maxwell's International Inc.*, 991 F.2d 583 (9th Cir. 1993),
*cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049 (1994) .............. 5-8, 11-14

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ................. 3

*Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982) ................ 5, 6

*Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185 (9th Cir. 1998), *cert. denied*, 528 U.S. 877, 120 S.Ct. 185 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stern v. California State Archives*, 982 F. Supp. 690 (E.D. Cal. 1997) . . . . . . . . . . 13, 14

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002) . . . . . . . . . . . . . . 4

*Weld v. Southeastern Companies, Inc.*, 10 F. Supp.2d 1318 (M.D. Fla. 1998) . . . . . . . . . 7

*Whitmire v. Arizona*, 298 F.3d 1134 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES

42 U.S.C. § 12111(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

42 U.S.C. § 12111(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10, 14

42 U.S.C. § 12112(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

42 U.S.C. § 12117(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. § 2000e(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. § 2000e-2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

42 U.S.C.A. § 12112(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Age Discrimination in Employment Act of 1967 . . . . . . . . . . . . . . . . . . . . . 6, 10, 12, 14

Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* . . . . . . . . . . 1, 3, 8, 9, 11, 15

Title VII of the Civil Rights Act of 1964,
42 U.S.C. §§ 2000 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 6-11, 13, 15

## RULES

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-4

iii

## INTRODUCTION

Plaintiff, James B. McDonald, Jr. ("McDonald") filed this action pursuant to and under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, against Defendants South Pacific Petroleum Corporation ("SPPC"), Michael Hahm ("Hahm"), Brian Suhr ("Suhr"), and Sang Yeon Hahn ("Hahn"). The individual defendants, Hahm, Suhr, and Hahn, have moved this Court pursuant to Rule 12(b)(6) to dismiss this action against them on the grounds that individuals are not liable under either Title VII or the ADA. This Memorandum is submitted in support of the motion.

## BACKGROUND

McDonald alleges that he is "a male Pacific Islander citizen of the United States," Amended Complaint, ¶ III, who was employed during the "alleged violations of law by Defendant South Pacific Petroleum Corporation, *ibid*, which "is a corporation duly incorporated under the laws of the of the Territory of Guam . . . [and] is currently doing business in the Territory of Guam." Amended Complaint, ¶ V. McDonald alleges that Defendant Hahn "is an individual shareholder, director and officer of Defendant South Pacific Petroleum Company," Amended Complaint, ¶ VI, that Defendant Suhr "is an individual shareholder, director and officer of Defendant South Pacific Petroleum Company, Amended Complaint, ¶ VII, and that Defendant Hahm "is an individual shareholder, director and officer of Defendant South Pacific Petroleum Corporation." Amended Complaint, ¶ VIII.

McDonald asserts four "claims" or causes of action against SPPC and the individual defendants. The first two are based on Title VII. "Claim One", *see* Amended Complaint, ¶¶ XV-

1

XXVI, is brought under section 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and is based on McDonald's allegation that during the course of his employment he was discriminated against by the Defendants "with respect to the terms, conditions, and privileges of employment because of [his] race, color and ethnic origin. . . ." Amended Complaint, ¶ XVI. "Claim Two, Amended Complaint, ¶¶ XXVII-XXVIII, is also brought under Title VII and contains allegations that McDonald was "subjected . . . to differential terms and conditions of employment because of his race, color and ethnic origin . . . . [that] included harassment based on Plaintiff's race, color and ethnic origin . . . in violation of Title VII." Amended Complaint, ¶ XXVIII.

The remaining two claims are based on alleged violations of the Americans with Disabilities Act. In "Claim Three", Amended Complaint, ¶¶ XXIX-XXXI, McDonald alleges that he was "overweight during the course of his employment, [and] was informed that he would be fired if he did not meet defendants' South Pacific Petroleum Corporation, Hahn's, Suhr's and Hahn's weight qualifications." Amended Complaint, ¶ XXX. He alleges that "Defendants South Pacific Petroleum Corporation and Hahn have a policy of not employing anyone who appears overweight . . . [and that] [t]his policy discriminates against and has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ." *Ibid.* McDonald alleges that this disparate impact "constitutes discrimination based disability [*sic*] in violation of 42 USCA § 12101 et seq.," Amended Complaint, ¶ XXXI, and that he, McDonald, can perform the management functions for defendant South Pacific Petroleum Corporation but has been denied the opportunity of employment, all as a result of discrimination based on disability." *Ibid.* He further alleges that SPPC employs over two hundred persons in Guam "with none being Pacific Islander in similar

2

levels of management where plaintiff was performing." *Ibid.* In his final claim, "Claim Four," Amended Complaint, ¶¶ XXXII-XXXVII, McDonald alleges that during the course of his employment he "was continuously harassed about his weight, and threatened by Defendants in front of other employees, friends and family, that if he did not lose weight, he would be enrolled in a fat camp or discharged." Amended Complaint, ¶ XXXIII. He alleges that this "harassment occurred in violation of 42 USCA §§ 12101 et seq." Amended Complaint, ¶ XXXIV.

## ARGUMENT

McDonald's Complaint should be dismissed against the individual defendants, Hahm, Suhr and Hahn because neither Title VII nor the ADA provide for individual liability. This motion to dismiss is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Standard Of Rule 12(b)(6) Motions.

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Whitmire v. Arizona*, 298 F.3d 1134, 1136 (9th Cir. 2002) (A "district court may grant a motion to dismiss for failure to state a claim only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations."). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them," *Navarro, supra*, and "[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Ibid.* "Ordinarily, a court may look only at

3

the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

**B.     Claims Cannot Be Brought Against Individuals Under Either Title VII of the Civil Rights Act of 1964 or the Americans with Disabilities Act.**

   **1.     Title VII.**

Civil liability for employment discrimination under Title VII does not extend to individual agents of the employer who committed the violations, even if the agent is a supervisory employee. Because the individual defendants in this case cannot be held liable under Title VII, McDonald's Title VII claims against them should be dismissed for failure to state a claim under Rule 12(b)(6).

In his first two claims McDonald alleges violations of section 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). This section provides that

> It shall be an unlawful employment practice for an employer—
>
> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

The term "employer" is defined in Title VII as follows:

> **(b)** The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation

4

> wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

42 U.S.C. § 2000e(b).

In *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982), the Ninth Circuit held

> that 42 U.S.C. § 2000e-2 speaks of unlawful practices by the employer, and not of unlawful practices by officers or employees of the employer. Back pay awards are to be paid by the employer. 42 U.S.C. § 2000e-5(g). The individual defendants cannot be held liable for back pay. *See Clanton v. Orleans Parish School Board*, 5 Cir. Unit A, 1981, 649 F.2d 1084, 1099.

665 F.2d at 968.

The *Padway* court spoke of back pay because at that time damages were not available under Title VII. *See Miller v. Maxwell's International Inc.*, 991 F.2d 583, 588 n.2 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109, 114 S.Ct. 1049 (1994). "Since that time, Congress enacted the Civil Rights Act of 1991, which permits compensatory and punitive damages for intentional discrimination." *Ibid*. Following the enactment of the Civil Rights Act of 1991, the Ninth Circuit revisited personal liability under Title VII in *Miller v. Maxwell's International Inc.*, holding that "this court's ruling in *Padway* that individual defendants cannot be held liable for damages under Title VII is good law." *Miller*, 991 F.2d at 587.

In *Miller* the plaintiff, pursuing sex and age discrimination claims under Title VII and the Age Discrimination in Employment Act of 1967 (ADEA), sued six defendants in their individual capacities including the CEO of the corporate owner of the restaurant that employed the plaintiff, two general managers of the restaurant, and three other lower level employees. *See Miller*, 991

5

F.2d at 584. The Ninth Circuit affirmed the dismissal of the claims against the individual defendants for failure to state a claim. The court stated that "[t]he liability schemes under Title VII and the ADEA are essentially the same in aspects relevant to this issue; they both limit civil liability to the employer," 991 F.2d at 587, and "[b]ecause Congress assessed civil liability only against an employer under Title VII, this court has held that 'individual defendants cannot be held liable for back pay.'" *Ibid.* (citing, *inter alia*, *Padway*). The court rejected the notion that because the term "employer" under the Title VII and the ADEA liability schemes is defined to include any agent of the employer, supervisory personnel and other agents of the employer are themselves employers for purposes of liability. *Ibid.* Although the court acknowledged this argument is not without merit, it concluded it was "bound by *Padway*, which, in any event, announced the better rule." *Ibid.* The purpose of the agent provision was, rather, "'to incorporate respondeat superior liability into the statute,'" *ibid.* (quoting district court), a "conclusion . . . buttressed by the fact that many of the courts that purportedly have found individual liability under the statutes actually have held individuals liable only in their *official* capacities and not in their individual capacities," *ibid.*, and have, indeed, "joined this circuit in protecting supervisory employees from liability in their individual capacities." *Ibid.* The court further noted that statutory scheme indicates that Congress did not intend to impose individual liability on employees. *Ibid.* In limiting Title VII liability to employers with fifteen or more employees, the court explained that Congress did not want to burden small entities with the costs associated with litigating discrimination claims and that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." *Ibid.*

With the ruling in *Padway* that individual defendants cannot be held liable for damages thus being "good law," *ibid.,* the court held that "[u]nder our interpretation of *Padway* and the Title VII

6

and ADEA statutory schemes, Miller's claims against the defendants in their individual capacities properly were dismissed for failure to state a claim." 991 F.2d at 588.

In *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185 (9th Cir. 1998), *cert. denied*, 528 U.S. 877, 120 S.Ct. 185 (1999), the Ninth Circuit reiterated its holding in *Miller* that "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." 157 F.3d at 1189 (sexual harassment, sexual assault and a hostile workplace environment); *Greenlaw v. Garrett, III*, 59 F.3d 994 (9th Cir. 1994) ("Under Title VII there is no personal liability for employees, including supervisors such as McMillin"), *cert. denied*, 519 U.S. 836, 117 S.Ct. 110 (1996).[1]

The rule that supervisors and other employees are not personally liable under Title VII is certainly not limited to mid-level employees. In *Miller*, for example, the individual defendants included the CEO of the owning corporation and two general managers. *See Miller*, 991 F.2d at 584; *see also EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995) (owner and sole shareholder could not be held individually liable under the Americans with Disabilities Act); *Weld v. Southeastern Companies, Inc.*, 10 F. Supp.2d 1318, 1321 (M.D. Fla. 1998) (supervisors

---

[1] The overwhelming majority of United States Circuit Court of Appeals that have also considered the issue have concluded that Title VII does not provide for individual liability. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995) (individual defendants with supervisory control over plaintiff may not be held personally liable under Title VII); *Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 552 (3d Cir.1996); *Emerson v. Thiel College*, 296 F.3d 184, 189, 190 (3rd Cir. 2002); *Grant v. Lone Star Co.,* 21 F.3d 649, 652-53 (5th Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574 (1994); *Wathen v. General Electric Company*, 115 F.3d 400, 403-406 (6th Cir. 1997); *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir.1995); *Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377, 381 (8th Cir.1995) ("Supervisors and other employees also cannot be held liable under Title VII in their individual capacities"); *Haynes v. Williams,* 88 F.3d 898, 901 (10th Cir.1996); *Busby v. Orlando,* 931 F.2d 764, 772 (11th Cir.1991); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir. 1995) (Title VII does not impose individual liability on supervisory employees), *cert. denied,* 516 U.S. 1011, 116 S.Ct. 569 (1995).

7

not individually liable under Title VII). *Manns v. The Leather Shop Inc.*, 960 F. Supp. 925 (D.V.I. 1997) ("Individual liability may also not be imposed on employers even if they are the sole owners of the business."); *Blankenship v. Warren County, Virginia*, 931 F. Supp. 447 (W.D.Va. 1996) (sheriff could not be individually liable); *Humphreys v. Medical Towers, Ltd.*, 893 F.Supp. 672 (S.D.Tex.1995) (individual defendant who was plaintiff's supervisor and president and sole shareholder of corporate general and managing partner of employer and who retained control over operations was not individually liable under Title VII), *aff'd mem.*, 100 F.3d 952 (5th Cir.1996); *Lane v. David P. Jacobson & Co.*, 880 F. Supp. 1091) (E.D. Va. 1995) (company president could not be held individually liable under Title VII);

Because individuals cannot be personally liable for damages under Title VII under *Miller*, McDonald has failed to state a claim against the individual defendants Hahn, Suhr, and Hahm under Title VII and, therefore, McDonald's Title VII claims, Amended Complaint, "Claim One" and "Claim Two", should be dismissed.

### 2. The Americans With Disabilities Act.

Claims against individuals are also unavailable under the Americans with Disabilities Act, and McDonald's claims based on the ADA against the individual defendants, Hahn, Suhr, and Hahm, should, therefore, be dismissed.

The Americans with Disabilities Act focuses its "general rule" on "covered entities":

> (a) General rule
>
> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation,

8

job training, and other terms, conditions, and privileges of employment.

42 U.S.C.A. § 12112(a).

The ADA, in turn, defines "covered entity" using the term "employer": "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). In language "mirroring" that in Title VII, the ADA defines "employer" as follows:

> (A) In general
>
> The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.
>
> (B) Exceptions
>
> The term "employer" does not include--
> **(i)** the United States, a corporation wholly owned by the government of the United States, or an Indian tribe; or
>
> **(ii)** a bona fide private membership club (other than a labor organization) that is exempt from taxation under section 501(c) of Title 26.

42 U.S.C. § 12111(5).

In *E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995), the plaintiff, who died of cancer during the litigation, sued his employer and supervisor for firing him while he was ill, the firing being in violation of the ADA. 55 F.3d at 1278. The corporate employer was a wholly-owned subsidiary of a parent corporation in which the individual defendant, Ruth

9

Vrdolyak, was the sole shareholder, and Ms. Vrdolyak had been operating the corporate employer on a day-to day basis when she fired the plaintiff. 55 F.2d at 1279. The Seventh Circuit concluded that it was error for the district court not to have dismissed the individual defendant from the lawsuit.

The Seventh Circuit joined the "analogous decisions of our sister Circuits in holding that individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA." 55 F.3d at 1279. The Seventh Circuit explained that:

> The ADA's definition of "employer" mirrors the definitions of "employer" in Title VII of the Civil Rights Act of 1964 and in the Age Discrimination in Employment Act (ADEA). *See* 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b). Courts routinely apply arguments regarding individual liability to all three statutes interchangeably. Therefore, we will use other courts' interpretations of Title VII and the ADEA to help us in our decision. *See Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Jendusa v. Cancer Treatment Centers of America, Inc.,* 868 F.Supp. 1006, 1008 n. 2 (N.D.Ill.1994); *see also DeLuca v. Winer Industries, Inc.,* 53 F.3d 793 (7th Cir.1995) (approving use in the ADA context of burden-shifting method of proof developed under Title VII and the ADEA).

55 F.3d at 1280.

Noting that no Circuit has directly confronted the question of individual liability under the ADA, the court observed that of the five Circuits that have addressed individual liability under Title VII and the ADEA, four have rejected individual liability. 55 F.3d at 1280. The court found these four "more recent and more detailed decisions persuasive." 55 F.3d at 1280-81.

The court rejected the EEOC's argument "that because 'employee' is defined to include 'a person . . . and any agent of such person,'" 55 F.3d at 1281, and because the defendant was the president of AIC he was an agent of AIC and must be liable. *Ibid.* Acknowledging the "surface

10

appeal" of this argument, the court followed *Miller,* concluding "that appeal is really an illusion," *ibid.*, because the reason for the "and any agent" language in the definition of "employer" was actually "ensure that courts would impose *respondeat superior* liability upon employers for the acts of their agents." *Ibid.* (citing, *inter alia*, *Miller*). Again, following the reasoning of the Ninth Circuit in *Miller*, the court found that its conclusion accords with the rest if the structure of the ADA, Title VII and the ADEA which limit employer liability to employers with either fifteen or twenty, or more, employees. *Ibid.* "That limitation struck a balance between the goal of stamping out all discrimination and the goal of protecting small entities from the hardship of litigating discrimination claims." *Ibid.* (citing *Miller*, 991 F.2d at 587, for proposition that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees"). EEOC's interpretation would "upset[] that balance and distort[] the statutory framework." *Ibid.*

The court adduced the original design of damage awards under the ADA, Title VII, and the ADEA as buttressing its conclusion. Until 1991, the court pointed out, a plaintiff could only recover back pay and equitable relief, both of which were "only obtainable from an employing entity, not from a mere individual." *Ibid.* This suggested to the Court that Congress did not contemplate individual liability when it originally passed the relevant statutes. *Ibid.*

The court dismissed the EEOC's argument that the Civil Rights Act of 1991 which allowed plaintiffs under Title VII and the ADA to obtain compensatory and punitive damages in addition to the pre-existing remedies negated the court's conclusion because compensatory and punitive damages are typical remedies obtainable from individuals. *Ibid.* The court concluded the opposite, that is "that the Civil Rights Act of 1991 further shows that Congress never intended individual liability." *Ibid.* First, when Congress defined "employer" in the ADA, Title VII and

11

the ADEA, it "granted only remedies that an employing entity, not an individual, could provide." *Ibid.* It would be a "long stretch," according to the court, "to conclude that Congress silently intended to abruptly change its earlier vision through an amendment to the remedial portions of the statute alone." *Ibid.*

Second, in allowing new types of damages, Congress in the Civil Rights Act of 1991 limited the amount of monetary recovery under Title VII and the ADA, by placing caps on the total amount of compensatory and punitive damages that could be awarded. *Ibid.* The caps are on a sliding scale, "increasing the possible award as the number of employees of a liable party increased," *ibid.*, with the lowest cap of $50,000 applying to a respondent with more than 14 but less that 101 employees. *Ibid.* (citing 42 U.S.C. § 1981a(b)(3)(A). That Congress enacted no cap for individuals "implies that it did not consider individuals liable." *Ibid.* (citing *Miller*, 991 F.2d at 587 n.2). The court held "that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA," 55 F.3d at 1282, and "that the district court erred in not dismissing [the individual defendant] Vrdolyak as a defendant." *Ibid.*

In *Hardwick v. Curtis Trailers Inc.*, 896 F. Supp. 1037 (D.Or. 1995), the court, following the reasoning of the Ninth Circuit in *Miller* and the Seventh Circuit in *EEOC v. AIC Security Investigators, Ltd.* (although incorrectly designated the Circuit as the Sixth Circuit), held that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA:

> The rationale of *Miller* applies with equal force to individual liability under the ADA. The ADA definition of "employer" mirrors the definition of "employer" in Title VII, and the ADA incorporates the "powers, remedies, and procedures" of Title VII. *See* 42 U.S.C. § 12117(a). In a recent Sixth Circuit decision, the similarities in the statutory structures of Title VII, the ADEA, and the ADA convinced the court to hold that **"individuals**

12

> **who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA."** *U.S. E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1282 (6th Cir.1995) (citing, among other cases, *Miller, supra*).
>
> Based on the Ninth Circuit's reasoning in its analogous decision in *Miller,* and the Sixth Circuit's reasoning in *U.S. E.E.O.C.,* I am persuaded that the better rule is that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA. In this case, plaintiff has alleged only that Curtis is an officer of the defendant corporation, and has not attempted to allege that Curtis himself qualifies as an "employer" under the Act. Accordingly, Curtis' motion to dismiss plaintiff's ADA claim is GRANTED.

896 F. Supp. at 1039.

In *Stern v. California State Archives,* 982 F. Supp. 690 (E.D. Cal. 1997), the court held that persons who were supervisors were not individually liable under the ADA, 42 U.S.C. § 12112(a), even if they controlled all aspects of the plaintiff's employment. The court noted that the ADA, prohibits discrimination by any "covered entity" which in turn is defined as "'an employer, employment agency, labor organization, or joint labor-management committee,'" *Ibid.* (quoting 42 U.S.C. § 12111(2). The court observed that the definition of "employer" in 42 U.S.C. § 12111(5)(A) "parallels the definitions of 'employer' used in Title VII of the Civil Rights Act of 1964 and in the Age Discrimination in Employment Act of 1967 . . . . [and] [a]ccordingly, courts routinely apply the same standards of liability to all three of these statutes." *Ibid.* (citing, *inter alia, U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1279 (7th Cir.1995) (comparing the ADA, ADEA, and Title VII)).

Acknowledging that while the Ninth Circuit has not determined whether individuals may be liable under ADA section 12112(a), the court stated that "it has unequivocally held that supervisors and other employers are not personally liable under Title VII." *Ibid.* The court

13

concluded that "[b]ecause the ADA definition of employer mirrors the Title VII definition, the court holds that individuals who do not qualify as 'employers' are not subject to personal liability under section 12112(a)." *Ibid.* The court rejected the argument that "the individual defendants are 'employers' because they exercise supervisory control over employees, and discipline, hire, and fire them." *Ibid.*

> However, this argument does not get around *Miller*. There is no individual liability even where the supervisor is the employer's "agent," because the purpose of the "and any agent" language in the "employer" definition was to incorporate *respondeat superior* liability into the statute. *Miller,* 991 F.2d. at 587. Even assuming that the individual defendants exercised complete control over plaintiff's employment, that would still only make them agents of their employer.
>
> The First Amended Complaint alleges that plaintiff is employed by the Archives, a division of the OSS. The Archives is the entity with which she has an employment relationship. Under *Miller,* supervisors are mere agents of the employer, and their actions can only give rise to *respondeat superior* liability. Summary judgment in the individual defendants' favor on plaintiff's claims under 42 U.S.C. § 12112(a) will therefore be granted.

982 F. Supp. at 691-92 (footnotes omitted); *see also Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violation of its provisions, and because Congress has made the remedies available in Title VII applicable to ADA actions, the ADA does not permit an action against individual defendants for retaliation for conduct protected by the ADA.").

Because none of the individual defendants, Hahn, Suhr, and Hahn, is an "employer" under the ADA and, therefore, not a "covered entity," McDonald's claims against these individual defendants under the ADA, Amended Complaint, "Claim Three" and "Claim Four", should be dismissed for failure to state a claim.

## CONCLUSION

McDonald has sued the individual defendants Hahn, Suhr, and Hahm under Title VII and the ADA. Because these defendants cannot be sued under either Title VII or the ADA, McDonald has failed to state a claim upon which relief can be granted and the Amended Complaint and this action should be dismissed as to defendants Hahn, Suhr, and Hahm.

Respectfully submitted this 16th day of January, 2003.

TEKER CIVILLE TORRES & TANG, PLLC

By G. PATRICK CIVILLE
*Attorneys for Defendants*
*Michael Hahm, Brian Suhr*
*and Sang Yeon Hahn*