# ORIGINAL

**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendants*



F I L E D
DISTRICT COURT OF GUAM
FEB 2 0 2003
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| JAMES B. McDONALD, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SOUTH PACIFIC PETROLEUM ) <br> CORPORATION, a Guam Corporation, ) <br> MICHAEL HAHM, BRIAN SUHR ) <br> AND SANG YEON HAHN, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO. 02-00031 <br><br> **SCHEDULING ORDER** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local rule 16.1 for the District Court of Guam, the parties hereby submit the following Scheduling Order:

1.  **The nature of the case is as follows:** Plaintiff, James B. McDonald, Jr. ("McDonald") filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, against Defendants South Pacific Petroleum Corporation ("SPPC"), Michael Hahm ("Hahm"), Brian Suhr ("Suhr"), and Sang Yeon Hahn ("Hahn").

Plaintiff alleges four claims or causes of action. Claim One is brought under section 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and alleges that during the

course of his employment he was discriminated against by the Defendants "with respect to the terms, conditions, and privileges of employment because of [his] race, color and ethnic origin. . ." Claim Two is also brought under Title VII and contains allegations that McDonald was "subjected . . . to differential terms and conditions of employment because of his race, color and ethnic origin . . . [that] included harassment based on Plaintiff's race, color and ethnic origin . . . in violation of Title VII.." The remaining two claims are based on alleged violations of the Americans with Disabilities Act. In Claim Three McDonald alleges that he was "overweight during the course of his employment, [and] was informed that he would be fired if he did not meet defendants' South Pacific Petroleum Corporation, Hahn's, Suhr's and Hahn's weight qualifications." He alleges that "Defendants South Pacific Petroleum Corporation and Hahn have a policy of not employing anyone who appears overweight . . . [and that] [t]his policy discriminates against and has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ." McDonald alleges that this disparate impact "constitutes discrimination based disability in violation of 42 USCA § 12101 et seq.," and that he, McDonald, can perform the management functions for defendant South Pacific Petroleum Corporation but has been denied the opportunity of employment, all as a result of discrimination based on disability." He further alleges that SPPC employs over two hundred persons in Guam "with none being Pacific Islander in similar levels of management where plaintiff was performing." In Claim Four McDonald alleges that during the course of his employment he "was continuously harassed about his weight, and threatened by Defendants in front of other employees, friends and family, that if he did not lose weight, he would be enrolled in a fat camp or discharged. He alleges that this "harassment occurred in violation of 42 USCA §§ 12101 et seq."

2

2. **The posture of the case is as follows:** Plaintiff filed an Amended Complaint and request for Jury Trial on December 17, 2002. Defendants, subsequently agreed to service through their counsel. All defendants timely responded to the Amended Complaint. South Pacific Corporation filed and served an answer on January 16, 2003 and the individual defendants filed and served a Rule 12 (b) Motion to Dismiss. The hearing on the individual defendants' motion to dismiss is scheduled for April, 17, 2003.

(a) **The following motions are on file:** Motion to Dismiss filed by Defendants Michael Hahm, Brian Suhr and Sang Yeon Hahn.

(b) Discovery has proceeded in accordance with the Joint Discovery Plan incorporated herein.

3. All motions to add parties and claims shall be filed on or before June 30, 2003, 2003.

4. All motions to amend pleadings shall be filed on or before July 31, 2003.

5. **Status of discovery:** The parties' Joint Discovery Plan filed February 6, 2003 is adopted and incorporated as part of this Scheduling Order.

6. ~~The parties shall appear before the District Court on February 20, 2003, at 3:00 p.m., for the Scheduling Conference.~~

7. The discovery cut-off date (defined as the last day to file responses to discovery) is December 1, 2003.

8. (a) The anticipated discovery motions are: At this time the parties do not anticipate any discovery disputes.

All discovery motions shall be filed on or before December 8, 2003, and heard on or before January 9, 2004.

(b) It is conceivable that one or both parties will ultimately file dispositive motions of some type.

All dispositive motions shall be filed on or before January 30, 2004, and heard on or before March 12, 2004.

9. The prospects for settlement are: The parties are open to settlement, but the case had not yet developed to the point where they can assess the prospects for settlement.

10. The Preliminary Pretrial Conference shall be held on _April 16_, 2004, at _3:30_ p.m.

11. The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists shall be filed on or before April 26, 2004. This date is fourteen days before the trial date.

12. The Proposed Pretrial Order shall be filed or before April 26, 2004. This date is fourteen days before the trial date.

13. The Final Pretrial Conference shall be held on April 19, 2004 at 3:00 p.m. This date is twenty-one days before the trial.

14. The trial shall be held on May 10, 2004 at 9:30 a.m. This period is within eighteen (18) months of the filing of the Complaint.

15. The trial is a jury trial.

16. It is anticipated that it will take five (5) days to try this case.

17. The names of counsel on this case are: Rawlen M. Mantanona representing Plaintiff, and G. Patrick Civille representing Defendants.

18. A settlement conference is requested.

19. The parties present the following suggestions for shortening trial: None at the present time due to the case being in the early states.

20. The following issues will also affect the status or management of the case: None anticipated at the present time.

IT IS SO ORDERED this 20th day of February, 2003.

_____
HONORABLE JOHN S. UNPINGCO
**CHIEF DISTRICT JUDGE**

APPROVED AS TO FORM AND CONTENT:

**MANTANONA LAW OFFICE**

By:_____
RAWLEN M. MANTANONA
*Attorneys for Plaintiff*

**TEKER CIVILLE TORRES & TANG, PLLC**

By:_____
G. PATRICK CIVILLE
*Attorneys for Defendants*

RECEIVED
FEB - 6 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM