ORIGINAL

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
MAY 21 2003
MARY L. M. MORAN
CLERK OF COURT

| | |
|---|---|
| JAMES B. McDONALD, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH PACIFIC PETROLEUM CORPORATION, et. al.,<br><br>Defendant. | Civil Case No. 02-00031<br><br>ORDER |

The plaintiff, in the above captioned Civil Case, filed this action pursuant to and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. Sections 12101, *et seq.* (the "ADA"), against defendants South Pacific Petroleum Corporation ("SPPC"), Michael Hahm, Brian Suhr, and Sang Yeon Hahn (collectively, the "individual defendants") . *See* Amended Complaint. The individual defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss this action as against them on grounds that individuals are not liable under either Title VII nor the ADA (the "Motion"). *See* Memorandum in Support of Motion of the Individual Defendants to Dismiss ("Individual Defendant's Memorandum") at 1.

On May 9, 2003, the Court heard the Motion. After due consideration of the parties' filings regarding the Motion and their arguments at the May 9, 2003 Hearing, the Court, for the reasons stated herein below, HEREBY GRANTS the Motion and ORDERS that the Amended Complaint is HEREBY DISMISSED as against the individual defendants.

## I. DISCUSSION

### A. The Amended Complaint

The plaintiff alleges that he is "a male Pacific Islander citizen of the United States" who was employed during the "alleged violations of Defendant SPPC" which "is a corporation duly incorporated under the laws of the Territory of Guam ... [and] is currently doing business in the Territory of Guam." Amended Complaint, ¶¶ III; V. The plaintiff further alleges that the individual defendants are each an "individual shareholder, director and officer of Defendant SPPC." Amended Complaint, ¶¶ VI-VIII.

The plaintiff asserts four Claims against SPPC and the individual defendants. The first two Claims are based on Title VII. "Claim One" is brought under section 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a) and is based on the plaintiff's allegation that during the course of his employment he was discriminated against by the defendants "with respect to the terms, conditions, and privileges of employment because of [his] race, color and ethnic origin." Amended Complaint, ¶ XVI. "Claim Two" is also brought under Title VII and contains allegations that the plaintiff was "subjected ... to different terms and conditions of employment because of his race, color and ethnic origin ... [that] included harassment based on Plaintiff's race, color and ethnic origin ... in violation of Title VII." Amended Complaint, ¶ XXVIII.

The remaining two Claims are based on alleged violations of the ADA. "Claim Three" alleges that the plaintiff was "overweight during the course of his employment, [and] was informed that he would be fired if he did not meet defendant SPPC and the individual defendants' weight qualifications." Amended Complaint, ¶ XXX. The plaintiff alleges that "Defendant SPPC and the individual defendants have a policy of not employing anyone who appears overweight ... [and that] [t]his policy discriminates against and has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ." *Id.* The plaintiff alleges that this disparate impact "constitutes discrimination based on disability in violation of 42 USCA § 12101 et seq.[of the ADA]." Amended Complaint, ¶ XXXI. "Claim Four" alleges that during the course of his employment he "was continuously harassed about his weight, and threatened by Defendants in

front of other employees, friends and family, that if he did not lose weight, he would be enrolled in a fat camp or discharged." Amended Complaint, ¶ XXXIII. He alleges that this "harassment occurred in violation of 42 USCA §§ 12101 et seq." Amended Complaint, ¶ XXXIV.

### B. The Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Id.* "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to the plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)[emphasis added]

### C. The Two Title VII Claims

Title VII prohibits discrimination based on an individual's "race, color, religion, sex or national origin" by any "employer." save the United States or a "bona fide private membership club," who is "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. Section 2000e-2(a);(b).

However, in 1982, the Ninth Circuit Court of Appeals held that individual defendants cannot be held liable for damages under 42 U.S.C. Section 2000e-2. *See Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

In 1991, Congress expanded the scope of damages available under Title VII to include "compensatory and punitive damages for intentional discrimination." *See Miller v. Maxwell's International Inc.*, 991 F.2d 583, 588 (9th Cir. 1993). The Ninth Circuit Court of Appeals then revisited the issue of individual liability under Title VII and held that "this court's ruling in *Padway*, that individual defendants cannot be held liable for damages under Title VII is good law." *Id.* 587. In limiting Title VII liability to employers with fifteen or more employees, the court explained that Congress did not want to burden small entities with the costs associated with

litigating discrimination claims and that if "Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." *Id.*

Thus, within the Ninth Circuit, any claim of individual liability under Title VII, does not posit a legally cognizable theory.

### D. The Two ADA Claims

The individual defendants also argue that claims against individuals are unavailable under the ADA. Therefore, Claims Three and Four of the Amended Complaint should be dismissed. *See* Individual Defendants' Memorandum at 8-14.

The ADA prohibits "covered entities" from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C.A. Section 12112(a). Among the ADA's "covered entities" are "employers," and the ADA's definition of "employer" mirrors Title VII's definition. *See* 42 U.S.C.A. Section 12112(2);(5).

To date, only one circuit court has directly confronted the issue of individual liability under the ADA. *See E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995). However, in reaching its decision, the Seventh Circuit Court of Appeals relied on numerous circuit court opinions evaluating the issue of individual liability under the ADEA and Title VII, including the Ninth Circuit Court of Appeal's holding in *Miller*. *See id.* at 1280. The Seventh Circuit Court of Appeals held that Congress did not intend for individuals to be liable under the ADA stating that the "limitation struck a balance between the goal of stamping out all discrimination and the goal of protecting small entities from the hardship of litigating discrimination claims." *Id.* at 1281(*citing Miller*, 991 F.2d at 587).

Although, the Ninth Circuit Court of Appeals has not addressed this specific issue[1], at

---

[1] At the May 9, 2003 Hearing, the plaintiff argued that, in and of itself, this fact should be sufficient to overcome a Rule 12(b)(6) motion because in the absence of a Ninth Circuit Court of Appeals holding to the contrary, individual liability under the ADA remains a legally cognizable theory within the Ninth Circuit.
The plaintiff, however, merely points out the current lack of controlling authority on the issue. The defendant, on the other hand, has provided the Court with three primary authorities from

least two Ninth Circuit district courts have. *See Hardwick v. Curtis Trailers Inc.*, 896 F. Supp. 1037 (D. Or. 1995); *Stern v. California State Archives*, 982 F. Supp. 690 (E.D. Cal. 1997). Both the *Hardwick* and the *Stern* courts held that individuals may not be held liable under the ADA. *See Hardwick*, 896 F. Supp. at 1939; *Stern*, 982 F. Supp at 692.

Thus, the Court holds that any claim of individual liability under the ADA does not posit a legally cognizable theory.

### E. The Plaintiff's Response

The plaintiff admits that the "Ninth Circuit currently adopts the stance individual defendants have propounded." Response to the Motion (the "Response") at 1. The plaintiff, however, argues as follows:

(1) the individual defendants were the ones who created and incorporated SPPC;

(2) prior to the creation and incorporation of SPPC the individual defendants "employed" the plaintiff to aid in the formation of SPPC;

(3) during this pre-SPPC period the plaintiff suffered the same discrimination described in the current Amended Complaint's four Claims;

(3) that under (the plaintiff's version of the "single or joint employer" theory) the operations, management and control of labor relations and the financial control of the pre-SPPC "entity that 'employed' Plaintiff" and the operations, management and control of labor relations and the financial control of SPPC were so similar that they should be considered the same "employer" of the defendant; and that, therefore,

(4) the plaintiff's Claims against the individual defendants are not subject to dismissal under the rule announced in *Padway* and reiterated in *Miller*. *See* Response at 3-9.

The plaintiff's argument, however, is illogical and, in any event, lacks legal merit.

---

the Seventh Circuit Court of Appeals and two Ninth Circuit District Courts. This Court is bound to, and does, give these primary authorities appropriate consideration and weight in reaching its decision.

Furthermore, the Court does not agree with the plaintiff's conclusion. Acceptance of the plaintiff's position would be tantamount to the Court abandoning its gatekeeper function, thus opening the proverbial floodgates of litigation and, in any event, would substantially eviscerate the very purpose of Rule 12(b)(6).

- 5 -

As, the individual defendants point out, the plaintiff has not only mistakenly combined distinct theories but has also completely misapplied the "single employer" or "integrated enterprise doctrine." *See* Reply Memorandum in Support of the Motion (the "Reply"). The "single employer analysis involves examining various factors to determine if two nominally independent entities are so interrelated that they actually constitute a single integrated enterprise" whereas the "joint employer analysis . . . [involves the determination of whether] one employer, while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of employees who are employed by the other employer [to the end that they] share or co-determine those matters governing the essential terms of employment." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997). What the plaintiff is actually espousing is an alter ego theory, which has been rejected as a basis to impose individual liability in Title VII cases. *See Worth v. Taylor*, 276 F.3d 249 (7th Cir. 2001).

Furthermore, even if the Court agreed that the pre-SPPC "entity" employed the plaintiff "with" SPPC, the definition of "employer" under both Title VII and the ADA still would not apply to the pre-SPPC "entity" since, prior to incorporation, they did not employ "fifteen or more employees." *See* Reply at 6-8.

Finally, and most importantly, in posing this theory, the plaintiff relies on facts not pled in the Amended Complaint, specifically the allegations of his employment by the individual defendants and their discrimination against him, prior to the incorporation of SPPC. The defendant admits this and "hereby requests leave to amend his First Amended Complaint." Response at 3. However, the fact is that the plaintiff has not amended, nor even technically moved to amend his Amended Complaint.[2] This fact is dispositive.

The plaintiff's current Amended Complaint, as against the individual defendants, is not

---

[2] Local Rule 15.1 requires "any party filing or moving to file an amended pleading shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference except with leave of the court." The plaintiff has not filed a second amended complaint and, therefore, has not complied with the requirements for moving for a permission to file an amended pleading.

legally cognizable. In the context of a motion to dismiss, the Court may not look beyond the current complaint, especially to memorandum in opposition to a motion to dismiss. Thus, the Court finds that the Amend Complaint has failed to state any claim against the individual defendants for which relief can be granted.

## II. ORDER

The Court HEREBY GRANTS the Motion and ORDERS that the Amended Complaint is HEREBY DISMISSED as against the individual defendants.

SO ORDERED this  MAY 21 2003  .

JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on MAY 22 2003
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: /s/ _____ MAY 22 2003
Deputy Clerk    Date