**GORMAN & GAVRAS, P.C.**
2nd Floor, J&R Building
208 Route 4
Hagatna, Guam 96910
Telephone: (671) 472-2302
Facsimile: (671) 472-2342

*Attorneys for Plaintiff*

**TEKER CIVILLE TORRES & TANG, PLLC**
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/472-8868
FACSIMILE: (671) 472-2601/477-2511

*Attorneys for Defendants*



FILED
DISTRICT COURT OF GUAM
MAR 15 2004
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| JAMES B. McDONALD, JR., | ) | CIVIL ACTION NO. 02-00031 |
| Plaintiff, | ) | |
| vs. | ) | [PROPOSED] FIRST AMENDED SCHEDULING ORDER |
| SOUTH PACIFIC PETROLEUM CORPORATION, a Guam Corporation, MICHAEL HAHM, BRIAN SUHR AND SANG YEON HAHN, | ) | |
| Defendants. | ) | |

In light of scheduling problems caused by the plaintiff's limited opportunity to return to Guam from his new home in Utah for the purpose of participating in discovery, the parties seek leave to extend the dates in the Scheduling Order. Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local rule 16.1 for the District Court of Guam, and in light of the substitution of plaintiff's counsel, the parties hereby submit the following Scheduling Order:

1.  **The nature of the case is as follows:** Plaintiff, James B. McDonald, Jr. ("McDonald") filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, against Defendant South Pacific Petroleum Corporation ("SPPC"). Indentical claim against individual defendants, Michael Hahm ("Hahm"), Brian Suhr ("Suhr"), and Sang Yeon Hahn ("Hahn") were dismissed by the Court on May 21, 2003.

Plaintiff alleges four claims or causes of action. Claim One is brought under section 703(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and alleges that during the course of his employment he was discriminated against by the Defendants "with respect to the terms, conditions, and privileges of employment because of [his] race, color and ethnic origin. . ." Claim Two is also brought under Title VII and contains allegations that McDonald was "subjected . . . to differential terms and conditions of employment because of his race, color and ethnic origin . . . [that] included harassment based on Plaintiff's race, color and ethnic origin . . . in violation of Title VII.." The remaining two claims are based on alleged violations of the Americans with Disabilities Act. In Claim Three McDonald alleges that he was "overweight during the course of his employment, [and] was informed that he would be fired if he did not meet defendants' South Pacific Petroleum Corporation's weight qualifications." He alleges that "Defendants South Pacific Petroleum Corporation has a policy of not employing anyone who appears overweight . . . [and that] [t]his policy discriminates against and has a disparate impact on Pacific Islanders in that these individuals are associated by defendants and all of them as being fat, lazy, inefficient and expensive to employ." McDonald alleges that this disparate impact "constitutes discrimination based disability in violation of 42 USCA § 12101 et seq.," and that he, McDonald, can perform the

management functions for defendant South Pacific Petroleum Corporation but has been denied the opportunity of employment, all as a result of discrimination based on disability." He further alleges that SPPC employs over two hundred persons in Guam "with none being Pacific Islander in similar levels of management where plaintiff was performing." In Claim Four McDonald alleges that during the course of his employment he "was continuously harassed about his weight, and threatened by Defendants in front of other employees, friends and family, that if he did not lose weight, he would be enrolled in a fat camp or discharged. He alleges that this "harassment occurred in violation of 42 USCA §§ 12101 et seq."

2. **The posture of the case is as follows:** Plaintiff filed an Amended Complaint and request for Jury Trial on December 17, 2002. Defendants, subsequently agreed to service through their counsel. All defendants timely responded to the Amended Complaint. South Pacific Corporation filed and served an answer on January 16, 2003 and the individual defendants filed and served a Rule 12 (b) Motion to Dismiss. This motion was granted on May 21, 2003 and the individual defendants have been dismissed from this lawsuit.

    (a) **The following motions are on file:** There are no motions pending before the Court.

    (b) Discovery has not been completed because the plaintiff has been unable to return to Guam and does not have the financial resources to have his counsel attend his deposition on the mainland. The plaintiff has made arrangements to travel to Guam the third week of March and the parties anticipate the discovery will be completed expeditiously.

3. All motions to add parties and claims shall be filed on or before March 20, 2004.

4. All motions to amend pleadings shall be filed on or before March 20, 2004.

3

5. **Status of discovery:** Discovery has been delayed because the plaintiff has encountered difficulties returning to Guam from his new residence on the mainland United States. The plaintiff has been able to make firm arrangements to be on Guam for a deposition during th third week of March. The parties anticipate completing discovery expeditiously following plaintiff's return.

6. ~~The parties shall appear before the District Court on February 20, 2003, at 3:00 p.m., for the Scheduling Conference.~~

7. The discovery cut-off date (defined as the last day to file responses to discovery) is June 30, 2004

8. (a) The anticipated discovery motions are: At this time the parties do not anticipate any discovery disputes.

All discovery motions shall be filed on or before July 1, 2004, and heard on or before September 15, 2004

(b) It is conceivable that one or both parties will ultimately file dispositive motions of some type.

All dispositive motions shall be filed on or before October 30, 2004, and heard on or before December 15, 2004.

9. The prospects for settlement are: The prospects for settlement are not good.

10. The Preliminary Pretrial Conference shall be held on _April 19_, 2005, at _3:00_ p.m.

4

11. The parties' pretrial materials, discovery materials, witness lists, designations and exhibit lists shall be filed on or before April 26, 2005. This date is fourteen days before the trial date.

12. The Proposed Pretrial Order shall be filed or before April 26, 2005. This date is fourteen days before the trial date.

13. The Final Pretrial Conference shall be held on ~~April 19, 2004 at~~ May 3, 2005 3:00 p.m. This date is ~~twenty-one~~ seven days before the trial.

14. The trial shall be held on May 10, 2005 at 9:30 a.m.

15. The trial is a jury trial.

16. It is anticipated that it will take three (3) days to try this case.

17. The names of counsel on this case are: William Gavras, Gorman & Gavras representing Plaintiff, and G. Patrick Civille, Teker Civille Torres & Tang, Pllc representing Defendants.

18. A settlement conference is requested.

19. The parties present the following suggestions for shortening trial: None at the present time due to the case being in the early states.

20. The following issues will also affect the status or management of the case: None anticipated at the present time.

IT IS SO ORDERED this ~~19th day of February, 2004~~ 12th day of March, 2004.

_____
HONORABLE JOHN S. UNPINGCO
CHIEF DISTRICT JUDGE

RECEIVED FEB 20 2004 DISTRICT COURT OF GUAM HAGATNA, GUAM

APPROVED AS TO FORM AND CONTENT:

**GORMAN & GAVRAS**

By: _____
　　**WILLIAM GAVRAS**
　　*Attorneys for Plaintiff*


**TEKER CIVILLE TORRES & TANG, PLLC**

By: _____
　　**G. PATRICK CIVILLE**
　　*Attorneys for Defendants*

6

Case 1:02-cv-00031　　Document 29　　Filed 03/15/2004　　Page 6 of 6